**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Antonio Deshun Harper, | Case No.: 2:22-cv-00068-JAD-BNW |
|       Petitioner | |
| | **Order Dismissing Habeas Petition without Prejudice and Closing Case** |
| v. | |
| Sheriff Joseph Lambardo, et al., | [ECF No. 1-1] |
|       Respondents | |

Pro se petitioner Antonio Deshun Harper filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking emergency federal review related to his ongoing state criminal case and pretrial detention.[1]  On initial review under the Habeas Rules,[2] I find that Harper's claims are unexhausted and that federal abstention is required, so I dismiss his petition without prejudice.

**Background**[3]

Harper is a pretrial detainee in the Clark County Detention Center.  He insists that he was illegally arrested without an arrest warrant.  Harper attaches the declaration of arrest to his petition, in which the arresting officer relates that he pulled Harper over for a traffic stop.[4]  A records check led the officer to contact a detective on the force, who relayed the probable cause to arrest Harper in relation to a shooting that occurred about a month earlier.  Harper argues that

---

[1] ECF No. 1-1.

[2] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[3] The procedural history in this section is derived from Harper's allegations as well as his criminal matter in the Eighth Judicial District Court for Clark County.  I take judicial notice of the online docket records of the state district court, which may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx.

[4] ECF No. 1-1, p. 34.

he has been kidnapped and falsely imprisoned and that his Fourth and Fourteenth Amendment rights have been violated.

## Discussion

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.  This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false,[5] or plagued by procedural defects.[6]  Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised.[7]

A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[8]  To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[9]  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[10]  A claim is not exhausted unless the petitioner has presented

---

[5] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

[6] *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

[7] *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

[8] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[9] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[10] *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

to the state court the same operative facts and legal theory upon which his federal claim is based.[11]  While Harper has filed inmate grievances with the Las Vegas Metropolitan Police Department, his petition reflects that he has not exhausted any of the claims he asserts here in the state courts.  This alone bars this court's consideration of his federal habeas petition.

Even if I assume that Harper has exhausted his claims, his petition seeks federal judicial intervention in a pending state criminal proceeding—which is simply not available to him.[12] The comity-based *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury.[13]  The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding."[14]  Injuries are only irreparable if the threat to a petitioner's federally protected rights cannot be eliminated through his defense of the criminal case.[15]

This case does not present extraordinary circumstances.  Defendants in state criminal proceedings routinely allege that some aspect of their arrest, detention, or prosecution violates their constitutional rights, which makes this a regular occurrence, not an extraordinary circumstance.  In addition, motions or other developments in Harper's still-pending criminal

---

[11] *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

[12] *Cf. e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980).

[13] *Younger v. Harris*, 401 U.S. 37, 53–54 (1971).

[14] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings).

[15] *Younger*, 401 U.S. at 46.

matter, *State of Nevada v. Antonio Harper*, C-21-359905-1, may ameliorate any threat to his federally protected rights.  He thus faces no extraordinary or irreparable injuries, so federal abstention is required.  And because the charges against Harper are still pending, dismissal of this action without prejudice will not materially impact the analysis of any issue in a later-filed habeas proceeding or otherwise result in substantial prejudice.

## Conclusion

IT IS THEREFORE ORDERED that Antonio Deshun Harper's petition for writ of habeas corpus **[ECF No. 1-1] is DISMISSED without prejudice**.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to:

- **DIRECT INFORMAL ELECTRONIC SERVICE** upon respondents under Rule 4 of the Rules Governing Section 2254 Cases by adding Nevada Attorney General Aaron D. Ford as counsel for respondents and sending a notice of electronic filing to his office for the petition [ECF No. 1-1] and this order.  No response is required from respondents other than to respond to any orders of a reviewing court.

- **ENTER FINAL JUDGMENT** dismissing this action and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
February 25, 2022

4